# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 28, 2023

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| BARBARA CERASUOLO, | * | No. 20-1268V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Cellulitis |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA, for Petitioner.
*Catherine E. Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On September 24, 2020, Barbara Cerasuolo ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that an influenza ("flu") vaccine and a pneumococcal conjugate vaccine administered on September 25, 2017, caused her to suffer from "a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." Pet. at 1, ECF No. 1. On August 1, 2022, Petitioner filed an amended petition alleging that her pneumococcal conjugate vaccination caused her to suffer from cellulitis. Am. Pet. at 1, ECF No. 28.

On November 7, 2022, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 32. Respondent stated that "a preponderance of evidence establishes that [P]etitioner's cellulitis was caused in fact by her September 25, 2017 flu vaccine and that her cellulitis was not due to factors unrelated to the administration of that vaccine." *Id.* at 7. Respondent further stated that "[t]he records also show that this case was timely filed, that

---

[1] This Ruling shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted ruling. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[P]etitioner received her flu vaccination in the United States, and that [P]etitioner satisfied the statutory severity requirements insofar as [she] suffered the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* Respondent noted that "the scope of damages to be awarded is limited to [P]etitioner's vaccine-related cellulitis and its related sequelae only." *Id.* Respondent did not concede that Petitioner suffered from a Table shoulder injury related to vaccine administration ("SIRVA"). *Id*. at 6 n.2. Petitioner indicated via email that she accepts Respondent's terms regarding entitlement for cellulitis but not for SIRVA. *See* Informal Comm., docketed Feb. 22, 2023.

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master