# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 26, 2023

```
* * * * * * * * * * * * * * * * * * * * * * * *
BARBARA CERASUOLO,                *    No. 20-1268V
                                  *
            Petitioner,           *    Special Master Sanders
v.                                *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*James M. Merrigan*, Rawson, Merrigan & Litner, LLP, Boston, MA, for Petitioner.
*Catherine E. Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES[1]**

On September 24, 2020, Barbara Cerasuolo ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that an influenza ("flu") vaccine and a pneumococcal conjugate vaccine administered on September 25, 2017, caused her to suffer from "a shoulder injury that falls within the 'Vaccine Injury Table' and is compensable." Pet. at 1, ECF No. 1. On August 1, 2022, Petitioner filed an amended petition alleging that her pneumococcal conjugate vaccination caused her to suffer from cellulitis. Am. Pet. at 1, ECF No. 28.

On November 7, 2022, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 32. Respondent stated that "a preponderance of evidence establishes that [P]etitioner's cellulitis was caused in fact by her September 25, 2017 flu vaccine and that her cellulitis was not due to factors unrelated to the administration of that vaccine." *Id.* at 7.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Respondent further stated that "[t]he records also show that this case was timely filed, that [P]etitioner received her flu vaccination in the United States, and that [P]etitioner satisfied the statutory severity requirements insofar as [she] suffered the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* Respondent noted that "the scope of damages to be awarded is limited to [P]etitioner's vaccine-related cellulitis and its related sequelae only." *Id.* Respondent did not concede that Petitioner suffered from a Table shoulder injury related to vaccine administration ("SIRVA"). *Id*. at 6 n.2. On February 28, 2023, I issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 33.

On May 31, 2023, Respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 37. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **[A] lump sum payment of $46,635.14, [representing $45,000.00 for pain and suffering and $1,635.14 for past unreimbursable expenses,] in the form of a check payable to [P]etitioner. This amount represents all elements of compensation to which [P]etitioner is entitled under 42 U.S.C. § 300aa-15(a).**

Proffer at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BARBARA CERASUOLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-1268V |
| v. ) | Special Master Sanders |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 24, 2020, Barbara Cerasuolo ("petitioner"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("the Vaccine Act" or "the Act"), as amended. Petitioner alleged that her receipt of an influenza ("flu") vaccine and pneumococcal ("pneumonia") vaccine on September 25, 2017,[1] caused her to develop a left-sided Shoulder Injury Related to Vaccine Administration ("SIRVA"). ECF No. 2 at 1. On August 1, 2022, petitioner filed an amended petition, in which she alleged that the pneumonia vaccine caused in fact her cellulitis. ECF No. 28 at 1 (second amended petition). On November 7, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation

---

[1] Petitioner alleged that the pneumonia vaccine she received was a pneumococcal conjugate vaccine. *See* ECF No. 2 at 1. However, petitioner's vaccination record reveals that she received Pneumovax 23, a pneumococcal polysaccharide vaccine, which is not a covered vaccine under the Act. *See* Exhibit ("Ex.") 1 at 2; National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001) ("Because the CDC only recommended pneumococcal conjugate vaccines to the Secretary for routine administration to children, polysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table."). Petitioner is nevertheless entitled to compensation due to her receipt of the flu vaccine, which is a covered vaccine under the Act and is included in the Vaccine Injury Table. *See* 42 C.F.R. § 100.3 (Vaccine Injury Table).

under the terms of the Act for a cellulitis injury, caused in fact by petitioner's receipt of the flu vaccine on September 25, 2017.[2]  ECF No. 32.  On February 28, 2023, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 33.

**I.**     **Items of Compensation**

    A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $45,000.00 in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,635.14.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following:[3] a lump sum payment of $46,635.14, in the form of a check payable to petitioner.

---

[2] Respondent does not concede that petitioner suffered a Table SIRVA.  ECF No. 32 at 6 n.2.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

**III.     Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Barbara Cerasuolo:                    $46,635.14

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                LARA A. ENGLUND
                Assistant Director
                Torts Branch, Civil Division

                /s/ *Catherine E. Stolar*
                CATHERINE E. STOLAR
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                Tel.: (202) 353-3299
                Fax: (202) 616-4310
                Email: catherine.stolar@usdoj.gov

DATED:  May 31, 2023